## Prestendren v. Conaboy.

T. A. Garvey, for appellant; no appearance for appellee.

NEWCOMB, P. J., Dec. 16, 1929.—The proceeding in question is that of an alderman of this city. In default of an appearance, defendant, a resident of Carbondale, suffered judgment in the sum of $169.

It is attacked, first, for want of proper service of the summons. The return is regular on its face. It purports to have been made at defendant's dwelling house by handing a copy to his "daughter, Rita, an adult member of his family." The exception on this behalf is that the daughter is only twelve years old. But that is a question which cannot be litigated in this proceeding. If the return were ambiguous or otherwise irregular, it would be open to extraneous proof by way of explanation on this writ. But being *prima facie* regular, it can only be contradicted in a suit against the officer for a false return.

The other exception is that the summons was improperly directed to one Bell, constable of the Borough of Moscow, instead of the one "most convenient to the defendant," as required by law: Act of March 20, 1810, § 2, 5 Sm. Laws, 161.

No doubt this statute is directory in the sense that it leaves to the judgment of the magistrate the question of such "convenience." But his honest judgment is one thing; his mere whim or caprice another and very different thing. In other words, the question must be deemed to have been committed to his legal, not his merely arbitrary, discretion. The distinction is illustrated in a well considered opinion of Judge Landis in Smith *v.* Miller, 12 Dist. R. 374.

It would be a sinister reflection upon the legislative purpose to suppose that it intended to sanction such selection as that made in this instance.

Carbondale is distant sixteen miles from Scranton in one direction; Moscow is about the same distance in the opposite direction. Hence, a Moscow officer could have been selected on no possible theory of convenience to any one concerned, nor indeed on any other ground consistent with the due and proper use of legal process. It could serve only to unnecessarily multiply the costs and expenses of the litigation. That is repugnant to one's instinctive sense of justice. It is believed to be unauthorized by the statute, and the judgment is, therefore, reversed.

From William A. Wilcox, Scranton, Pa.